UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN MCVARISH, : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:14-cv-01311-WWE |
| : | |
| HORIZON BRADCO, : | |
|     Defendant. : | |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS

Plaintiff John McVarish alleges age discrimination pursuant to Title VII (Count I),[1] disability discrimination pursuant to the Americans with Disabilities Act ("ADA") (Count II), intentional infliction of emotional distress (Count III), negligent infliction of emotional distress (Count IV), and violation of the Connecticut Unfair Trade Practices Act ("CUTPA") (Count V) based on defendant Horizion Bradco's termination of plaintiff's employment. Defendant has filed a motion to dismiss the complaint in its entirety. For the following reasons, defendant's motion to dismiss will be granted.

### DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distribution v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual

---

[1] Plaintiff indicates in his memorandum in opposition [Doc. # 20] that the citation to Title VII in his complaint was a mistake or scrivener's error and that he meant to bring his age discrimination claim pursuant to the Age Discrimination in Employment Act ("ADEA").

allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007).  A plaintiff is obliged to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant argues that plaintiff's Title VII (ADEA) and ADA claims are legally insufficient because plaintiff failed to file his complaint within 90 days of receiving a notice of right to sue from the EEOC.

A Title VII claimant must file suit within 90 days after receipt of the right-to-sue letter from the EEOC.  42 U.S.C. §§ 2000e-5(f)(1); Cornwell v. Robinson, 23 F. 3d 694, 706 (2d Cir. 1994).  ADEA claims are also subject to a 90 day time limit for filing of civil actions after receipt of notice.  29 U.S.C. § 626(e).  This requirement has been extended to discrimination claims brought under the ADA.  42 U.S.C. § 12117(a).

Plaintiff admits that he missed the 90 day deadline by 87 days but contends that the delay was not intentional and does not prejudice defendant.  Plaintiff argues that "the timeliness issue raised by the defendant should be disregarded."  The Court is not persuaded.

> Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants.  As we stated in Mohasco Corp. v. Silver, 447 U.S. 807, 826 (1980), "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law."

Baldwin County Welcome Center v. Brown, 466 U.S. 147, 152 (1984) (addressing the 90–day statutory period for invoking the court's jurisdiction in a Title VII case and reversing the Eleventh Circuit).  Accordingly, Counts I and II will be dismissed.

Plaintiff's complaint asserts that his state claims (Counts III through V) are so related to his federal claims that 28 U.S.C. § 1367 allows for supplemental jurisdiction. Nevertheless, state claims should generally be dismissed where the federal claims have been dismissed before trial. Marcus v. AT&T Corp., 138 F. 3d 46, 57 (2d Cir. 1998). Moreover, the Court has stayed the discovery deadline in this case until 45 days after the issuance of this decision, so economy, convenience, and fairness do not weigh in favor of keeping plaintiff's state claims. As plaintiff's sole basis for jurisdiction in this case rest on allegations of supplemental jurisdiction, his remaining state claims (Counts III through V) will be dismissed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED. The Clerk is instructed to close this case.

Dated this 20th day of November, 2015, at Bridgeport, Connecticut.

      /s/Warren W. Eginton
      WARREN W. EGINTON
      SENIOR UNITED STATES DISTRICT JUDGE